**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Shaun L. Bennafield, | ) | CASE NO: 4:12CV3010 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| United States of America, | ) | (Resolving Doc. 14) |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the Government's motion to dismiss the complaint (Doc. 14). The motion to dismiss is GRANTED. The complaint is hereby DISMISSED.

**I. Analysis**

In the instant matter, Plaintiff Shaun Bennafield seeks to pursue a medical malpractice action against the Government under the Federal Tort Claims Act ("FTCA"). As the actions giving rise to the event occurred in Ohio, the Government contends that this Court must utilize Ohio law and dismiss the complaint for failure to attach an affidavit of merit as required by Ohio Rule of Civil Procedure 10(D)(2).

The Government is correct that "liability on the part of the federal government under the [FTCA] is determined in accordance with the law of the state where the event

giving rise to liability occurred." *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995). When applying state law, federal courts apply state substantive law and federal procedural law. *See, e.g., Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) (federal courts must apply state substantive law and federal procedural law while sitting in diversity jurisdiction); *Felder v. Casey*, 487 U.S. 131 (1988) (federal courts must apply state substantive law and federal procedural law while sitting in pendent jurisdiction). A substantive state law is a law that "gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required.'" *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir. 2008) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535 (1958)). A law is substantive if it would "significantly affect the result of litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Hanna v. Plumer*, 380 U.S. 460, 466 (1965). The outcome-determinative test must be read with "reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468.

The Court acknowledges that colleagues on this Court have reached differing conclusions on whether Ohio's affidavit of merit rule is substantive or procedural. *See Thompson v. United States*, 2013 WL 3480347 (N.D.Ohio July 10, 2013) (declining to dismiss); *Daniel v. United States*, 716 F.Supp.2d 695 (N.D.Ohio 2010) (dismissing for lack of an affidavit of merit). Upon review, the Court finds itself in agreement with what appears to be the overwhelming majority position that these types of requirements are substantive and not in conflict with federal rules.

>Although the Sixth Circuit has not yet addressed this issue, several Courts of Appeal agree that similar state rules of procedure operate as substantive law under the FTCA. *See Cestnik v. Fed. Bureau of Prisons*, 84 Fed.Appx. 51, 53-54 (10th Cir. 2003) ("When a plaintiff brings suit against the United States under the FTCA, state substantive law applies. We have held Colorado's requirement of this certificate [of merit] to be a substantive, rather than procedural, rule of law. As such, it is applicable to Mr. Cestnik's FTCA claims, even though he is proceeding pro se." (internal citations omitted)); *Bramson v. Sulayman*, 251 Fed.Appx. 84, 87 n.2 (3d Cir. 2007) ("The affidavit of merit requirement applies to malpractice claims under New Jersey law in federal court. *See Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir.2002). *Chamberlain* was a diversity jurisdiction case, but the FTCA, under which the District Court had jurisdiction here, also requires the application of state law."). *See also Mathison v. United States*, 44 Fed.Appx. 27, 29 (8th Cir. 2002) (applying a similar Minnesota statute to claims under the FTCA).
>
>A number of other district courts have also examined the application of similar statutes to the FTCA and have come to the same conclusion. *See, e.g., Luckett v. United States*, No. 08-CV-13775, 2009 WL 1856417, at *5 (E.D.Mich. June 29, 2009) ("Under the FTCA, the law of the place where the alleged act or omission occurred is to be applied; therefore, Michigan law applies in the instant case. Under Michigan law, initiation of a medical malpractice action requires that the plaintiff file a complaint and an affidavit of merit." (internal citations omitted)); *Lopez v. Brady*, No. 4:CV-07-1126, 2008 WL 4415585 (M.D.Pa. Sept. 25, 2008) ("Courts within this circuit have recognized that Rule 1042.3 [which requires an affidavit of merit] is substantive law and should be applied by federal courts sitting in diversity. It has also been held that a Plaintiff pursuing an FTCA claim must comply with Pennsylvania substantive law." (internal citations omitted)); *Stanley v. United States*, 321 F.Supp.2d 805, 807 (N.D.W.Va. 2004) (holding that statute requiring a screening certificate of merit as a prerequisite to medical malpractice actions is substantive and applies to claims under the FTCA).

*Daniel*, 716 F.Supp.2d at 698-99.  The Court joins this apparent majority position and finds that Ohio's affidavit of merit rule is substantive and applies herein.  It is undisputed that Bennafield has not provided an affidavit of merit, nor sought an extension to provide one.  As such, the Government's motion to dismiss is GRANTED.

3

4

## II. Conclusion

The Government's motion to dismiss is GRANTED. The complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.


<u>September 11, 2013</u>  <u>    /s/ *Judge John R. Adams*    </u>
Date   JUDGE JOHN R. ADAMS
  UNITED STATES DISTRICT COURT